# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP S. GRIGALANZ | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-940-SMY-MAB |
| KRISTI GRIGALANZ, and JOHN C. WIMMERSBURG, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Phillip Grigalanz filed this *pro se* action seeking injunctive and monetary relief against his ex-wife Kristi Grigalanz and Indiana police officer John Wimmersburg. This is Plaintiff's third attempt to sue Grigalanz and Wimmersburg in this court; his two previous Complaints were dismissed for failure to state a cognizable claim. *See Grigalanz v. State of Indiana, et al.,* Case No. 18-cv-1445-SMY. In his latest Complaint, Plaintiff asserts claims for obstruction of justice pursuant to 18 U.S.C. § 1506 and state law official misconduct claims pursuant to 720 ILCS 5/33-3. This matter is now before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3). For the following reasons, the Motion is **DENIED** and Plaintiff's Complaint is **DISMISSED with prejudice**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915

is meant to ensure that indigent litigants have meaningful access to the federal courts and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff has sufficiently established his indigence in his Motion and accompanying affidavit as he states that he is currently incarcerated and unemployed, has no other income and, that his prisoner trust account has a balance of approximately $267. Based upon this information, Plaintiff is unable to pay the costs of commencing his lawsuit. The Court's inquiry does not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

Here, Plaintiff is seeking damages resulting from Defendants' misconduct, including prejudice in his Indiana state court divorce and child custody proceedings and prolonged estrangement with his stepdaughter. He attempts to raise civil claims under two criminal statutes, 18 U.S.C. § 1506 and 720 ILCS 5/33-3. However, neither statute authorizes a private cause of action.

Section § 1506 provides the criminal penalties for theft or alteration of records or process or false bail in proceedings in any court of the United States. This statute was not intended to be used in civil litigation or as a basis for a private right of action. *See Shahin v. Darling*, 606 F.

Supp. 2d 525, 538 (D. Del.), *aff'd,* 350 F. App'x 605 (3d Cir. 2009); *Hamilton v. Reed*, 29 Fed.Appx. 202, 204 (6th Cir. 2002). Similarly, Plaintiff's official misconduct claim is asserted under Illinois criminal statute 720 ILCS §5/33-3 which punishes criminal misconduct by governmental officials as a Class 3 felony. As such, Plaintiff has no standing to bring a claim under § 5/33-3 against the defendants herein. *See Smith v. Ziegler,* 2019 WL 2088462, at *4 (S.D. Ill. May 13, 2019); *Agrawal v. Lambertson,* 2008 WL 818503, at *6 (S.D. Ill. Mar. 24, 2008). Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** and his motion to proceed *in forma pauperis* is **DENIED**.

Moreover, because Plaintiff continues to file frivolous Complaints against these defendants, Further discussion is warranted. Specifically, Plaintiff is **ADVISED** that under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bands. In *Alexander*, the Court warned that if the petitioner filed any further frivolous petitions, he would be fined $500; the fine would have to be paid before he could commence any other civil litigation, and any action would be summarily dismissed thirty days after filing unless otherwise ordered by the court. Plaintiff should keep *Alexander* and *Mack* in mind before filing any additional actions related to his Indiana state court divorce and child custody proceedings. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 12, 2019**

**STACI M. YANDLE**
**United States District Judge**